JUDGE SAND

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 10500

------------------------------------------------------------- x

ROBERT JACKSON,

                                                      Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, DEPUTY INSPECTOR JAMES P. O'CONNELL, LT. PETER O'NEILL, POLICE OFFICER JOSEPH KEENEY, POLICE OFFICER EUGENE JONNY, POLICE OFFICER GENNARO SANTERELLI,

                                                     Defendants.

COMPLAINT AND
JURY DEMAND

------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, the Fourth and the Fourteenth Amendment to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a May 6, 2005 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, excessive force, assault and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, Fourth and Fourteenth Amendment to the United States Constitution. Pendent party jurisdiction and

supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York and Police Commissioner Raymond Kelly is located within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Kelly is sued in his individual and official capacities.

10. Deputy Inspector O'Connell was at all times here relevant the commanding officer of the 77th Precinct, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. O'Connell is sued in his individual and official capacities.

11. Lieutenant Peter O'Neill was at all times here relevant an officer of the 77th Precinct, and, as such, is sued in his individual and supervisory capacities.

12. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual and official capacities.

13. At all times here mentioned defendants were acting under color of state law, to wit,

2

under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

14. On May 6, 2005, at approximately 4:15 P.M., defendant individual officers detained Mr. Jackson and another black male at Albany and Pacific Avenue in Brooklyn, New York.

15. Mr. Jackson complied with all police officer directions.

16. Officers then assaulted, battered and subjected plaintiff to excessive force, including use of weapons "the wand", fists, and other body parts.

17. Mr. Jackson was hospitalized at Kings County Hospital Center until May 9, 2006.

18. Officers' force caused Mr. Jackson to suffer a fracture to the fibular head in his left leg and bruising to the right leg and face.

19. Officers falsified statements that Mr. Jackson resisted arrest and assaulted an officer.

20. Officers maliciously prosecuted Mr. Jackson for resisting arrest and assault on an officer.

21. The charges of resisting arrest and malicious prosecution were dismissed in Mr. Jackson's favor.

22. Mr. Jackson pleaded guilty to possession of drugs and served his sentence in New York State Department of Correctional Services prison system.

23. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

24. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

25. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

    b. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    c. Violation of his right to Due Process of Law under the 14th Amendment to the United Stated Constitution,

    d. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law,

    e. Physical pain and suffering,

    f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and

    g. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

26. All above paragraphs are here incorporated by reference.

27. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

28. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

29. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

30. Paragraphs one through 25 are here incorporated by reference.

31. The City, Kelly, O'Connell, and Lt. O'Neill are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

32. The City, Kelly, O'Connell, and Lt. O'Neill knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

33. The aforesaid event was not an isolated incident. The City, Kelly, O'Connell, and Lt. O'Neill have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on how to appropriately use force and that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. The City, Kelly, O'Connell, and Lt. O'Neill fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Additionally, the City, Kelly, O'Connell, and Lt. O'Neill have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City, Kelly, O'Connell, and Lt. O'Neill are

aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City, Kelly, O'Connell and Lt. O'Neill have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

34. The City, Kelly, O'Connell, and Lt. O'Neill knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, Kelly, O'Connell, and Lt. O'Neill failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

35. The City, Kelly, O'Connell, and Lt. O'Neill have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

36. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, Kelly, O'Connell, and Lt. O'Neill to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

37. Defendants the City, Kelly, O'Connell, and Lt. O'Neill have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

38. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, Kelly, O'Connell, and Lt. O'Neill.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

    A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

    B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

    C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
               November 20, 2007

TO:    New York City
        Corporation Counsel Office
        100 Church Street, 4th floor
        New York, NY  10007

        Police Commissioner Raymond W. Kelly
        1 Police Plaza
        Room 1406
        New York, NY 10006

        Deputy Inspector James O'Connell
        77th Precinct
        127 Utica Avenue
        Brooklyn NY 11213

        Lieutenant Peter O'Neill
        60th Precinct
        2951 West 8th Street
        Brooklyn NY 11224

        Police Officer Eugene Jonny
        Patrol Borough Brooklyn South
        Narcotics Bureau

Yours truly,

*[signature]*

Stoll, Glickman & Bellina, LLP
By: Cynthia Conti-Cook, Esq.
Bar #CC0778
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY  11217
(718) 852-3710
cynthiaconticook@gmail.com

745 64th Street
Brooklyn NY 11220

Police Officer Joseph D. Keeney
Shield No. 12550
77th Precinct
127 Utica Avenue
Brooklyn NY 11213

Police Officer Gennaro Santerelli
77th Precinct
127 Utica Avenue
Brooklyn NY 11213