UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ROBERT JACKSON,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, DEPUTY INSPECTOR JAMES
P. O'CONNELL, LT. PETER O'NEILL, POLICE
OFFICER JOSEPH KEENEY, POLICE OFFICER
EUGENE JONNY, POLICE OFFICER GENNARO
SANTERELLI,

                        Defendants.

------------------------------------------------------------------ x

**ANSWER ON BEHALF OF DEFENDANTS JONNY AND SANTERELLI**

07 CV 10500 (LBS)

**Jury Trial Demanded**

       Defendants Eugene Jonny and Gennaro Santerelli, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, allege upon information and belief as follows: [1]

       1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff was arrested on May 6, 2005.

       3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] Upon information and belief, the individual identified in the caption as "Police Officer, Joseph Keeney" was purportedly mailed a Waivers of Service, but not served with process and therefore, is not a party to the action.

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that defendant City is a municipal entity and respectfully refers the Court to the New York State Charter.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Raymond Kelly is employed by the City of New York as the Police Commissioner of the New York City Police Department and that plaintiff purports to sue him as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that James O'Connell is employed by the City of New York and held the rank of Deputy Inspector of the 77th Precinct of the New York City Police Department and that plaintiff purports to sue him as stated therein.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Peter O'Neill is employed by the City of New York and holds the rank of Lieutenant at the New York City Police Department and that plaintiff purports to sue him as stated therein.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Paragraph "13" of the complaint sets forth conclusions of law rather than averments of fact and accordingly no response is required.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was arrested on May 6, 2005, in the vicinity of Albany and Pacific Avenue in Brooklyn, New York.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the truth of the allegations set forth in paragraph "21" of the complaint

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff pleaded guilty to possession of drugs.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint, including subparts (a) through (g) thereto.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

39. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

40. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

41. The individual defendants, Eugene Jonny and Gennaro Santerelli, have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

42. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendants are entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

43. Any injuries alleged in the in the complaint were caused, in whole or in part, by plaintiff's own culpable or negligent conduct and/or the conduct of others for whom the City of New York is not responsible, and were not the proximate result of any act of the City defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

44. Plaintiff may have failed to comply with conditions precedent to suit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

45. There was probable cause for plaintiff's arrest, detention and/or prosecution.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

46. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

47. At all times relevant to the acts alleged in the complaint, the individual defendants Eugene Jonny and Gennaro Santerelli acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

48. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

49. Plaintiff may have failed to comply with General Municipal Law §50-i and, accordingly, any claims arising under the laws of the state of New York may be barred.

## AS AND FOR THE TWELFTH AFFIRMATIVE DEFENSE:

50. Venue is not properly laid in this District.

**WHEREFORE,** defendants Eugene Jonny and Gennaro Santerelli request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            May 14, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 3-163
                              New York, New York 10007
                              (212) 788-8343

                By: _____
                              Baree Fett (BF9416)
                              Assistant Corporation Counsel

To:   Cynthia Conti-Cook, Esq. (By ECF & Mail)
      Stoll, Glickman & Bellina, LLP
      *Attorney for Plaintiff*
      71 Nevins Street
      Brooklyn, New York 11217

## DECLARATION OF SERVICE BY MAIL

I, BAREE N. FETT declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on May 14, 2008, I served the annexed **ANSWER** upon the following plaintiff, by his attorney, Cynthia Conti-Cook, Esq., Stoll, Glickman & Bellina, LLP, by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff's counsel at the address set forth below, being the address designated by said plaintiff for that purpose:

    TO:    Cynthia Conti-Cook, Esq.
                Stoll, Glickman & Bellina, LLP
                71 Nevins Street
                Brooklyn, NY 11217

Dated:       New York, New York
                May 14, 2008

_____
BAREE N. FETT

Index No. 07 CV 10500

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ROBERT JACKSON,<br><br>                                                                      Plaintiff,<br><br>                    -against-<br><br>THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, DEPUTY INSPECTOR JAMES P. O'CONNELL, LT. PETER O'NEILL, POLICE OFFICER JOSEPH KEENEY, POLICE OFFICER EUGENE JONNY, POLICE OFFICER GENNARO SANTERELLI,<br><br>                                                     Defendants. |
| **ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS EUGENE JONNY AND GENNARO SANTERELLI** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, New York 10007*<br><br>*Of Counsel Baree Fett*<br>*Tel: (212) 788-8343* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ............................................................................, 200...*<br><br>*............................................................................................. Esq.*<br><br>*Attorney for .........................................................................................* |