UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ROBERT JACKSON,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, DEPUTY INSPECTOR JAMES P. O'CONNELL, LT. PETER O'NEILL, POLICE OFFICER JOSEPH KEENEY, POLICE OFFICER EUGENE JONNY, POLICE OFFICER GENNARO SANTERELLI,

                              Defendants.

**ANSWER ON BEHALF OF DEFENDANT JOSEPH KEENEY**

07 CV 10500 (LBS)

**Jury Trial Demanded**

------------------------------------------------------------------- x

      Defendant Joseph Keeney, by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, alleges upon information and belief as follows:

      1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

      2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff was arrested on May 6, 2005.

      3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to proceed as stated therein.

      4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

      5. Denies the allegations set forth in paragraph "5" of the complaint.

      6. Denies the allegations set forth in paragraph "6" of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that defendant City is a municipal entity and respectfully refers the Court to the New York State Charter.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that Raymond Kelly is employed by the City of New York as the Police Commissioner of the New York City Police Department and that plaintiff purports to sue him as stated therein.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that James O'Connell is employed by the City of New York as a police officer and that plaintiff purports to sue him as stated therein.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that Peter O'Neill is employed by the City of New York as a police officer and that plaintiff purports to sue him as stated therein.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Paragraph "13" of the complaint sets forth conclusions of law rather than averments of fact and accordingly no response is required.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that plaintiff was arrested on May 6, 2005, in the vicinity of Albany and Pacific Avenue in Brooklyn, New York.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the truth of the allegations set forth in paragraph "21" of the complaint

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint, including subparts (a) through (g) thereto.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

39. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

40. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

41. The individual defendant, Joseph Keeney, has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

42. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendants are entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

43. Any injuries alleged in the complaint were caused, in whole or in part, by plaintiff's own culpable or negligent conduct and/or the conduct of others for whom the City of New York is not responsible, and were not the proximate result of any act of the City defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

44. Plaintiff may have failed to comply with conditions precedent to suit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

45. There was probable cause for plaintiff's arrest, detention and/or prosecution.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

46. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

47. At all times relevant to the acts alleged in the complaint, the individual defendant Joseph Keeney acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

48. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

49. Plaintiff may have failed to comply with General Municipal Law §50-i and, accordingly, any claims arising under the laws of the state of New York may be barred.

### AS AND FOR THE TWELFTH AFFIRMATIVE DEFENSE:

50. Venue is not properly laid in this District.

**WHEREFORE**, defendant Joseph Keeney requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
             July 25, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendant Joseph Keeney*
                              100 Church Street, Room 3-163
                              New York, New York 10007
                              (212) 788-8343

By:            /s/
                    Baree Fett (BF9416)
                    Assistant Corporation Counsel

To:    Cynthia Conti-Cook, Esq. (By ECF)
        Stoll, Glickman & Bellina, LLP
        *Attorney for Plaintiff*

Index No. 07 CV 10500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT JACKSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, DEPUTY INSPECTOR JAMES P. O'CONNELL, LT. PETER O'NEILL, POLICE OFFICER JOSEPH KEENEY, POLICE OFFICER EUGENE JONNY, POLICE OFFICER GENNARO SANTERELLI,

Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANT JOSEPH KEENEY**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel Baree Fett*
*Tel: (212) 788-8343*

*Due and timely service is hereby admitsied.*

*New York, N.Y. ................................................................, 200...*

*........................................................................................... Esq.*

*Attorney for............................................................................*